# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:12-cv-00066-MR

| | |
|---|---|
| ROBERT S. BURGE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAROLYN W. COLVIN, Acting )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM OF**<br>**DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment on the Pleadings [Doc. 8] and the Defendant's Motion for Affirmance of the Commissioner's Decision [Doc. 12].

## I.    PROCEDURAL HISTORY

The Plaintiff Robert S. Burge applied for Disability Insurance Benefits on June 22, 2006, alleging disability commencing on May 1, 2001. [Transcript ("Tr.") 203-05]. After the Plaintiff's claim was denied initially and on reconsideration, he requested a hearing. [Tr. 127]. A hearing was held before an Administrative Law Judge ("ALJ") on April 20, 2009. [Tr. 63-91]. On May 4, 2009, the ALJ issued a decision denying the Plaintiff benefits. [Tr. 99-107]. The Plaintiff appealed the decision, and the Appeals Council

remanded his case to the ALJ on March 9, 2010, for the consideration of new and material evidence. [Tr. 112-14].

A second hearing was held before the ALJ on February 2, 2011, at which the Plaintiff, a medical expert, Theron Blickenstaff, M.D., and a vocational expert, Mark Leaptrot, testified. [Tr. 23-48]. On February 28, 2011, the ALJ issued a decision finding that the Plaintiff could perform his past relevant work and therefore denied him benefits. [Tr. 6-22]. The Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. 1-3]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, see Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

The Social Security Act provides that "[t]he findings of the Commissioner of any Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). The Fourth Circuit has defined "substantial evidence" as "more than a scintilla and [doing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401, 91 S.Ct. at 1427).

The Court may not re-weigh the evidence or substitute its own judgment for that of the Commissioner, even if it disagrees with the Commissioner's decision, so long as there is substantial evidence in the record to support the final decision below. Hays, 907 F.2d at 1456; Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. THE SEQUENTIAL EVALUATION PROCESS

In determining whether or not a claimant is disabled, the ALJ follows a five-step sequential process. 20 C.F.R. §§ 404.1520, 416.920. If the claimant's case fails at any step, the ALJ does not go any further and benefits are denied. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

3

First, if the claimant is engaged in substantial gainful activity, the application is denied regardless of the medical condition, age, education, or work experience of the applicant. 20 C.F.R. §§ 404.1520, 416.920. Second, the claimant must show a severe impairment. If the claimant does not show any impairment or combination thereof which significantly limits the claimant's physical or mental ability to perform work activities, then no severe impairment is shown and the claimant is not disabled. Id. Third, if the impairment meets or equals one of the listed impairments of Appendix 1, Subpart P, Regulation 4, the claimant is disabled regardless of age, education or work experience. Id. Fourth, if the impairment does not meet the criteria above but is still a severe impairment, then the ALJ reviews the claimant's residual functional capacity (RFC) and the physical and mental demands of work done in the past. If the claimant can still perform that work, then a finding of not disabled is mandated. Id. Fifth, if the claimant has a severe impairment but cannot perform past relevant work, then the ALJ will consider whether the applicant's residual functional capacity, age, education, and past work experience enable the performance of other work. If so, then the claimant is not disabled. Id. In this case, the ALJ's determination was made at the fourth step.

## IV. THE ALJ'S DECISION

On February 28, 2011, the ALJ issued a decision denying the Plaintiff's claim. [Tr. 6-22]. Proceeding to the sequential evaluation, the ALJ found that the Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2006, and that he had not engaged in substantial gainful activity during the period from his alleged onset date of May 1, 2001 through his date last insured. [Tr. 11]. The ALJ then found that the medical evidence established that the Plaintiff had the following severe impairments: disorders of the knee and left lower leg and chronic prostatitis. [Tr. 11-13]. The ALJ determined, however, that none of Plaintiff's impairments, either singly or in combination, met or equaled a listing. [Tr. 13]. The ALJ then assessed the Plaintiff's residual functional capacity (RFC) [T. 13-17], finding that the Plaintiff had the ability to perform light work with the following limitations: lifting no more than 20 pounds occasionally and 10 pounds frequently; standing and walking no more than two hours in an eight-hour day; alternating sitting or standing as needed; climbing stairs/ramps occasionally; no kneeling, crawling, or climbing ladders. [T. 13]. He then determined that the Plaintiff was capable of performing his past relevant work as a research engineer, as such work did

5

not require the performance of work-related activities precluded by the Plaintiff's RFC. [Tr. 17]. Accordingly, the ALJ concluded that the Plaintiff was not "disabled" as defined by the Social Security Act from the alleged onset date through the date last insured. [Id.].

## V. DISCUSSION[1]

The Plaintiff asserts the following assignments of error: (1) that the ALJ erred in failing to make a complete finding of RFC; (2) that the ALJ erred by failing to comply with 20 C.F.R. § 404.1527(d) in evaluating the medical opinion evidence of record; and (3) that the ALJ erred in failing to evaluate properly the Plaintiff's credibility. [Doc. 9].

The Plaintiff initially contends that the ALJ erred in failing to make a complete RFC finding as required by 20 C.F.R. § 404.1545(b) by failing to make an express finding concerning the total number of hours the Plaintiff is able to sit. [Doc. 9 at 7]. Here, the ALJ assessed the Plaintiff's physical abilities and found he was limited to light work that would require him to stand and walk no more than two hours in an eight-hour workday, and which would permit him to "alternat[e] sitting and standing as needed." [Tr.

---

[1] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

13]. Implicit in this finding is that the Plaintiff can sit for the rest of an eight-hour workday, subject to a sit-stand requirement. This implied finding is made even more clear by the fact that the ALJ clearly rejected the opinion of Plaintiff's treating urologist, Dr. Kim, that the Plaintiff could only sit for a total of three hours in a workday. [Tr. 16]. Therefore, the Plaintiff's contention that the ALJ failed to address the number of hours he can sit is simply without merit.

In assessing the Plaintiff's RFC, the ALJ relied on the opinion of Dr. Blickenstaff, who testified at the hearing [Tr. 15, 41], as well as the medical opinions of state agency reviewing physicians and Dr. Barber, a consultative examiner [Tr. 16, 351, 376-83, 391-98]. The ALJ was entitled to rely on such expert opinions insofar as they considered all the relevant evidence in contention. See 20 C.F.R. § 404.1527(f) (2010); Stanley v. Barnhart, 116 F. App'x 427, 429 (4th Cir. 2004).

The Plaintiff argues that the ALJ erred in discounting the opinion of Dr. Kim, his treating urologist and in giving too much weight to the opinion of Dr. Blickenstaff. [Doc. 9 at 9-12]. The opinions of treating physicians are entitled to controlling weight when they are both medically well-supported and not inconsistent with other substantial evidence in the

7

record. 20 C.F.R. § 404.1527(d)(2) (2010). When a treating physician's opinions are inadequately supported or contradicted by other reliable evidence, however, they may be discounted. See Johnson v. Barnhart, 434 F.3d 650, 655 (4th Cir. 2005); Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001); Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996).

Here, the medical evidence of record provided a sufficient basis for the ALJ discounting Dr. Kim's opinion as to the total amount of prolonged sitting the Plaintiff could do during a work day. Indeed, Dr. Kim's own treatment record contradicts his 2009 opinion: in August 2001, less than one year after the Plaintiff's October 2000 bicycle accident, Dr. Kim reported that the prostatitis was 90% improved [Tr. 310], and he reported further improvement in April 2002 [Tr. 306]. According to Dr. Kim, the prostatitis was 50% improved in September 2005. [Tr. 292]. Dr. Kim further observed in November 2005 and February 2006 that the Plaintiff was "doing well!," observations which suggest an absence of severe symptoms [Tr. 292, 295]. Additionally, the Plaintiff filled out questionnaires for Dr. Kim in 2005 and 2006 that showed he was "pleased" with his quality of life despite his urinary condition, and that his symptoms were mild [Tr. 293, 296]. Furthermore, the ALJ properly took into account the infrequency

of the Plaintiff's visits to Dr. Kim since 2008 in determining the weight to accord to Dr. Kim's 2009 opinion. See 20 C.F.R. § 404.1527(d)(2)(i).

In addition to the inconsistencies in Dr. Kim's own records, the other medical evidence of record supports the ALJ's decision to accord little weight to Dr. Kim's 2009 opinion. For example, the Plaintiff told Dr. Friedman in May 2006 that the symptoms associated with his prostatitis were much improved. [Tr. 344]. In 2007, Dr. Shah, a state reviewing physician, concluded that the Plaintiff could sit for a combined six hours in an eight-hour workday as long as he were permitted to change positions as needed and to alternate standing with sitting. [Tr. 391-98]. Similarly, Dr. Barber, an examining physician, rated the Plaintiff's limitation as to sitting as "moderate." [Tr. 351]. Moreover, the Plaintiff did not indicate in his various reports to the Social Security Administration that he was taking pain medication to control his pain due to prostatitis, despite identifying medications he was taking for other purposes. [See Tr. 232-33, 267, 276].

The same substantial evidence that supports the ALJ's assignment of little weight to Dr. Kim's 2009 opinion supports the ALJ's assignment of greater weight to Dr. Blickenstaff's opinion. As the ALJ's assessments of Dr. Kim's and Dr. Blickenstaff's opinions are supported by substantial

evidence, this Court will defer to those assessments. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Plaintiff further argues that the ALJ erred by failing to analyze Dr. Kim's opinion in accordance with 20 C.F.R. § 404.1527(d) (2010).[2] The Plaintiff specifically takes issue with the fact that the ALJ did not explicitly discuss every factor listed in that subsection. [Doc. 9 at 8-12]. This argument, however, is without merit. While the ALJ is required to consider each of the factors identified in § 404.1527(d), nothing in the regulations or relevant case law requires the ALJ to discuss each of these six factors explicitly in weighing each medical opinion. In any event, the ALJ's decision reflects that all relevant § 404.1527(d) factors were considered in weighing Dr. Kim's opinion that plaintiff could not sit for more than three hours combined during an eight-hour workday. Specifically, the ALJ found that that opinion was "not fully supported by the objective evidence and [was] not consistent with the longitudinal record" [Tr. 16], indicating the lack

---

[2] Section 404.1527(d) requires the ALJ to "evaluate every medical opinion [he] receive[s]," and to consider six factors in making that evaluation, i.e., the examining relationship (if any), the treatment relationship (if any), supportability, consistency with the record as a whole, specialization, and "other factors." 20 C.F.R. § 404.1527(d) (2010). Section 404.1527 was amended in 2012 such that subsection (d) is now subsection (c) in the current version of the regulation.

of supportability (§ 404.1527(d)(3)) and lack of consistency (§ 404.1527(d)(4)) were largely determinative in the ALJ's analysis of that opinion. This argument, therefore, is without merit.

The Plaintiff also challenges the ALJ's evaluation of the credibility of the Plaintiff's complaints of pain. [Doc. 9 at 12-13]. As an initial matter, the Court recognizes that it is not this Court's role to determine whether the Plaintiff's testimony was fully credible. See Craig, 76 F.3d at 589. Rather, the question for the Court is whether the ALJ applied the proper legal standard in assessing Plaintiff's credibility and whether the ALJ's decision is supported by substantial evidence. Id.

In assessing a claimant's statement of pain and other symptoms, the ALJ applies a two part process. Id. at 594; Hines v. Barnhart, 453 F.3d 559, 565 (4th Cir 2006). First, the ALJ must assess whether there is a medically determinable physical impairment that could reasonably be expected to produce claimant's symptoms. 20 C.F.R. § 404.1529(c)(1); Craig, 76 F.3d at 595; Hines, 453 F.3d at 565. If the ALJ finds that a claimant suffers such an impairment and that the impairment could reasonably be expected to produce the symptoms of pain of which claimant complains, the ALJ proceeds to step two. 20 C.F.R. § 404.1529(c)(1).

At step two, the ALJ must evaluate the intensity and persistence of the pain, as well as the extent to which the claimant's symptoms and pain impact his or her ability to work. 20 C.F.R. § 404.1529(c)(1); Craig, 76 F.3d at 595. "This evaluation requires the ALJ to determine the degree to which the claimant's statements regarding symptoms and their functional effects can be believed and accepted as true; thus the ALJ must consider conflicts between the claimant's statements and the rest of the evidence." Aytch v. Astrue, 686 F.Supp.2d 590, 604 (E.D.N.C. 2010). This evaluation takes into account all of the available evidence, including the claimant's medical history, the medical signs and laboratory findings, other objective medical evidence, and testimony or statements from claimant, physicians, or others regarding the pain and symptoms. 20 C.F.R. § 404.1529(c)(1) & (2); Craig, 76 F.3d at 595.

Here, the ALJ reviewed the medical evidence relating to all of the Plaintiff's conditions capable of producing work limiting symptoms (most particularly those claims of pain preventing more than three hours of sitting in a workday) and found such evidence inadequate to support the Plaintiff's claimed inability to return to his past work due to sitting limitations. In so doing, the ALJ considered the expert opinions of record and the course of

Plaintiff's medical treatment and activities. [Tr. 14-17]. For example, the ALJ noted that the Plaintiff did not take pain medication to relieve pain when sitting. [Tr. 16]. The ALJ also noted that the Plaintiff's prostatitis remained stable with "conservative treatment" and yearly urological exams. [Id.]. Further, as the ALJ correctly noted, Dr. Kim's treatment notes indicate that the Plaintiff's prostatitis had eased considerably in the years since the bicycling accident [Tr. 292, 295, 306, 310, 399], and that the Plaintiff himself reported that his urinary symptoms were mild and that he was pleased with his quality of life (taking into account his current symptoms) during the period just prior to expiration of his insured status [Tr. 293, 296]. Despite the Plaintiff's claims regarding his ability to sit, the ALJ correctly found that "there is no credible evidence to support greater restrictions in the claimant's overall work function that would preclude all work activity." [Tr. 16].

The ALJ properly took into account that the Plaintiff had very serious limitations of his ability to sit on a prolonged basis, and credited such allegation to a considerable extent, as reflected in the RFC limitation he fashioned requiring the ability to alternate between sitting and standing as needed. The ALJ, however, did not credit the Plaintiff's claim (ratified after

the fact by Dr. Kim) that he could not sit for six hours in a work day even if given frequent opportunities to change positions. On this point, there was conflicting evidence, and the Court cannot say that the ALJ's resolution of this conflict was unreasonable.

Although the Plaintiff may disagree with the result that the ALJ reached based on the application of this two-step process, the record is clear that the ALJ applied the correct legal standard in assessing the Plaintiff's credibility, and it is not the role of this Court to re-weigh the evidence and determine whether the Plaintiff's testimony is credible. See Craig, 76 F.3d at 589. The Court finds that the ALJ's determination that Plaintiff's testimony was not fully credible is supported by substantial evidence in the record. Accordingly, the Court finds that Plaintiff's contention that the ALJ erred in evaluating the credibility of the Plaintiff's complaints of pain is without merit.

## VI. CONCLUSION

For the foregoing reasons, the Court concludes that the ALJ applied the correct legal standards, and that there is substantial evidence to support the ALJ's finding of no disability from the alleged date of onset through the date late insured.

## **O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment on the Pleadings [Doc. 8] is **DENIED**; the Defendant's Motion for Affirmance of the Commissioner's Decision [Doc. 12] is **GRANTED**; and the decision of the Commissioner denying the Plaintiff benefits is hereby **AFFIRMED**.

A judgment shall be entered contemporaneously herewith.

**IT IS SO ORDERED.**

Signed: March 28, 2014

Martin Reidinger
United States District Judge